IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN G. AUDI, SR., and | : |
| ALICE AUDI | : |
| Plaintiffs | : |
| vs. | : |
| THOMAS JENKINS, | : Jury Trial Demanded |
| Defendant | : |

**COMPLAINT**

Plaintiffs Alice Audi and John G. Audi, Sr., by their attorney, Kimberly D. Borland, Esq., Borland & Borland, LLP, aver as follows:

**I.    JURISDICTION AND VENUE**

1. This action is authorized, initiated, founded upon and arises under the provisions of federal law, particularly the Fourth Amendment and Fourteenth Amendments to the United States Constitution; Civil Rights Act of 1871, 42 U.S.C. §1983; and, the common law of the Commonwealth of Pennsylvania.

2. The jurisdiction of this Court ins invoked pursuant to the provisions of 28 U.S.C. §§1331, 1342 and 1367.

3. The violations of Plaintiffs' rights as alleged herein were committed within the Middle District of Pennsylvania.

## II. PARTIES

4. Plaintiff John G. Audi, Sr. is an adult individual who resides at 1023 Sunrise Drive, Pittston, Luzerne County, Pennsylvania 18643.

5. Plaintiff Alice Audi is an adult individual who resides at 1023 Sunrise Drive, Pittston, Luzerne County, PA 18643.

6. Plaintiffs are married to each other.

7. Defendant Thomas Jenkins is a police officer employed by the Borough of Moosic, Lackawanna County, PA.

## III. JURY TRIAL DEMAND

8. Plaintiffs demand a trial by jury in this matter.

## V. FACTUAL ALLEGATIONS

9. In July 2011, Plaintiffs resided at 3700 Wylam Avenue, Moosic, Lackawanna County, PA 18507.

10. On July 21, 2011, Mr. Audi and Ms. Audi traveled to their home in Moosic from their son's home in Yatesville, Luzerne County, PA.

11. They traveled in their automobile, which Mr. Audi operated.

12. Ms. Audi was in the passenger's seat of the automobile.

2

13. Mr. Audi was eighty-six years of age in July 2011.

14. Ms. Audi was eighty-four years of age in July 2011.

15. Ms. Audi is legally blind due to macular degeneration and was legally blind in July 2011.

16. Ms. Audi also has arthritis and coronary artery disease and her mobility is impaired thereby.

16. Mr. Audi has a hearing impairment.

17. At or about 6:30 pm on July 21, 2011, Plaintiffs entered Wylam Avenue en route to their home.

18. As the Audis entered the last block before their residence on Wylam Avenue, Mr. Audi noticed a police vehicle, with its police lights on, following his vehicle.

19. Mr. Audi pulled his car to the curb in front of his home at 3700 Wylam Avenue.

20. The police vehicle pulled to stop at the curb near the Plaintiffs' vehicle.

21. The police vehicle was operated by Officer Jenkins.

22. Mr. Audi exited his vehicle and approached Officer Jenkins' vehicle.

23. Ms. Audi remained in her vehicle.

3

24. Officer Jenkins remained seated in the driver's seat of his police vehicle with his car door and window both open.

25. Mr. Audi asked Officer Jenkins whether there was a problem.

26. Officer Jenkins responded to Mr. Audi that he had gone through a stop sign.

27. Mr. Audi responded that he did not think he had gone through a stop sign.

28. Mr. Audi explained to Officer Jenkins that their daughter had just passed away, that her funeral had been the day before and that he was not feeling well.

29. Mr. Audi was unable to hear Officer Jenkins' response, moved closer to the vehicle and put his head to Officer Jenkins' open car window.

30. At that, Officer Jenkins arose, pushed Mr. Audi out and away from the police vehicle and screamed at him that if he put his head inside the car again, he would handcuff him.

31. At that, Mr. Audi handed Officer Jenkins his driver's license and entered his home to use his bathroom.

32. Officer Jenkins exited the police vehicle and was standing next to it.

32. Upon this, Ms. Audi exited her car to speak with Officer Jenkins.

33. As Ms. Audi was attempting to speak with Officer Jenkins, Officer Jenkins put his hand on her right arm and pushed her back, causing her to lose her balance and nearly to fall.

34. At this, another Borough of Moosic police vehicle arrived.

35. Officer Jenkins then left in his police vehicle, while the officers in the second vehicle remained to return to Mr. Audi his driver's license and to give to him a moving violation citation.

36. In the following days, Officer Jenkins circled Plaintiffs' house in a police vehicle on several occasions.

37. Mr. Audi recognized Officer Jenkins on those occasions.

38. Upon seeing Mr. Audi on those occasions, Officer Jenkins deliberately slowed his vehicle and stared at Mr. Audi, with the intent, purpose and effect to intimidate him.

39. Officer Jenkins used excessive force against Plaintiffs without any reasonable cause or justification.

40. Neither Plaintiff presented any risk of flight or threat of harm to Officer Jenkins, or to anyone else.

41. The actions of Officer Jenkins were seizures of Plaintiffs

42. The actions of Officer Jenkins were unreasonable as to the Plaintiffs and were outrageous and oppressive.

43. Officer Jenkins' conduct was a deprivation, under color of state law, of rights guaranteed to Plaintiffs under the Fourth and Fourteenth Amendments of the United States Constitution.

44. The actions of Officer Jenkins caused injury to the Plaintiffs, including severe apprehension of serious bodily injury, emotional distress and upset.

### VII. CAUSES OF ACTION

### COUNT I

### Alice Audi v. Jenkins

### 42 U.S.C §1983

45. Paragraphs 1 through 38 are incorporated herein by reference as though set forth in full.

46. Officer Jenkins' conduct against Ms. Audi, including his use of unreasonable and excessive force, constituted an

6

unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

47. Officer Jenkins' conduct therefore was a deprivation, under color of state law, of rights guaranteed to Ms. Audi under the Fourth and Fourteenth Amendments to the United States Constitution.

48. As a result of Officer Jenkins' violations of Ms. Audi's constitutional rights, Ms. Audi suffered substantial injuries and damage.

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendant and prays:

    (a)    For compensatory damages;

    (b)    For punitive damages;

    (c)    For pre-judgment interest;

    (d)    For reasonable attorneys' fees and the costs of this action; and

    (e)    For such other and further relief as may be just and equitable.

## COUNT II

### John G. Audi, Sr. v. Jenkins

### 42 U.S.C §1983

49. Paragraphs 1 through 48 are incorporated herein by reference as though set forth in full.

50. Officer Jenkins' conduct against Mr. Audi, including his use of unreasonable and excessive force, constituted an unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

51. Officer Jenkins' conduct therefore was a deprivation, under color of state law, of rights guaranteed to Mr. Audi under the Fourth and Fourteenth Amendments to the United States Constitution.

52. As a result of Officer Jenkins' violations of Mr. Audi's constitutional rights, Mr. Audi suffered substantial injuries and damage.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendant and prays:

    (a)    For compensatory damages;

    (b)    For punitive damages;

8

(c) For pre-judgment interest;

(d) For reasonable attorneys' fees and the costs of this action; and

(e) For such other and further relief as may be just and equitable.

## COUNT III

### Alice Audi v. Jenkins

### Assault and Battery

53. Paragraphs 1 through 52 are incorporated herein by reference as though set forth in full.

54. Officer Jenkins committed the acts described above with the intent to cause a harmful or offensive contact with Ms. Audi's body and with the intent to put Ms. Audi in reasonable and immediate apprehension of a harmful or offensive contact with his body.

55. Officer Jenkins' actions directly and indirectly resulted in a harmful and offensive contact with Ms. Audi's body.

56. Officer Jenkins' actions constituted willful misconduct on his part.

9

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendant and prays:

(a) For compensatory damages;

(b) For punitive damages;

(c) For pre-judgment interest;

(d) For reasonable attorneys' fees and the costs of this action; and

(e) For such other and further relief as may be just and equitable.

## COUNT IV

## John G. Audi, Jr. v. Jenkins

## Assault and Battery

57. Paragraphs 1 through 56 are incorporated herein by reference as though set forth in full.

58. Officer Jenkins committed the acts described above with the intent to cause a harmful or offensive contact with Mr. Audi's body and with the intent to put Mr. Audi in reasonable and immediate apprehension of a harmful or offensive contact with his body.

59. Officer Jenkins' actions directly and indirectly resulted in a harmful and offensive contact with Mr. Audi's body.

10

60. Officer Jenkins actions constituted willful misconduct on his part.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendant and prays:

(a) For compensatory damages;

(b) For punitive damages;

(c) For pre-judgment interest;

(d) For reasonable attorneys' fees and the costs of this action; and

(e) For such other and further relief as may be just and equitable.

## COUNT V
### Alice Audi v. Jenkins
### Intentional Infliction of Emotional Distress

61. Paragraphs 1 through 60 are incorporated herein by reference as though set forth in full.

62. Officer Jenkins, by his extreme and outrageous conduct, intentionally caused Ms. Audi to suffer severe emotional distress and bodily harm.

11

63. Officer Jenkins actions constituted willful misconduct on his part.

WHEREFORE, Plaintiff demands judgment in her favor and against the Defendant and prays:

    (a)    For compensatory damages;

    (b)    For punitive damages;

    (c)    For pre-judgment interest;

    (d)    For reasonable attorneys' fees and the costs of this action; and

    (e)    For such other and further relief as may be just and equitable.

## COUNT VI

### John G. Audi, Jr. v. Jenkins

### Intentional Infliction of Emotional Distress

64. Paragraphs 1 through 63 are incorporated herein by reference as though set forth in full.

65. Officer Jenkins, by his extreme and outrageous conduct, intentionally caused Mr. Audi to suffer severe emotional distress and bodily harm.

66. Officer Jenkins actions constituted willful misconduct on his part.

WHEREFORE, Plaintiff demands judgment in his favor and against the Defendant and prays:

    (a) For compensatory damages;

    (b) For punitive damages;

    (c) For pre-judgment interest;

    (d) For reasonable attorneys' fees and the costs of this action; and

    (e) For such other and further relief as may be just and equitable.

RESPECTFULLY SUBMITTED:

Borland & Borland, LLP

/s/ Kimberly D. Borland
Kimberly D. Borland, Esquire
11th Floor, 69 Public Square
Wilkes-Barre, PA 18701
(570) 822-3311
(570) 822-9894 (fax)
kborland@borlandandborland.com
Attorney for the Plaintiffs